Ms. Paula G. Pumphrey, Director Department of Community Punishment Tower Building, Suite 1210 323 Center Street Little Rock, Arkansas 72201
Dear Ms. Pumphrey:
This is in response to your request for an opinion on the following questions regarding adult probationers and expungement of their criminal records:
 1. After an Order of Expungement is signed by a judge, who is responsible for notifying law enforcement agencies, the Arkansas Crime Information Center (ACIC), and the National Crime Information Center (NCIC) that the record has been expunged?
 2. After expungement, is it appropriate to answer an agency requesting information that a record has been expunged, and if so, give the date of expungement?
 3. How does the Arkansas Freedom of Information Act (FOIA) affect an expungement?
 4. After expungement, how should an expunged record be safeguarded if it is not to be destroyed?
As an initial matter, it should be noted that there must be legislative authorization providing for the expungement of criminal records before such action may be ordered. The statutes currently providing for expungement of criminal records of adult probationers are A.C.A. §§ 16-93-301 to 304 (1987), A.C.A. §§16-93-501 to 510 (1987 and Cum. Supp. 1993),[1] and A.C.A. §§ 16-93-1201 to 1210 (Cum. Supp. 1993). The sentencing alternatives contained in these provisions vary, as does the language regarding when a record becomes eligible for expungement and who is responsible for ordering and carrying out the expungement. See, e.g., A.C.A. § 16-93-303 (1987); A.C.A. § 16-93-510 (Cum. Supp. 1993); A.C.A. § 19-93-1207 (Cum. Supp. 1993). With regard to your questions, I will assume that you are referring to adults who are sentenced to probation under Act 531 of 1993, also known as The Community Punishment Act, which is codified at A.C.A. §§ 16-93-1201 to 1210 (Cum. Supp. 1993).
Pursuant to The Community Punishment Act, a court is authorized to place an offender on probation, pursuant to A.C.A. §§ 5-4-104
to 311, if the court determines that an offender is an "eligible offender," as defined in the act.[2] See A.C.A. §16-93-1206(b)(1). The court also may order that a sentence of probation under this provision be accompanied by an assignment to a community punishment program for a designated period of time.See A.C.A. § 16-93-1206(b)(1)(A). With regard to expungement of criminal records pursuant to the community punishment sentencing provisions, A.C.A. § 16-93-1207 provides the following:
 (b)(1) Upon the successful completion of probation . . . the court may direct that the record of the offender be expunged of the offense of which the offender was convicted under the following conditions:
 (A) That the offender was under the age of twenty-six (26) years at the time of the commission of the felony offense and had no more than one (1) previous felony conviction and that the previous felony was other than a conviction for a capital offense, or murder in the first degree, murder in the second degree, first degree rape, kidnapping, or aggravated robbery; or
 (B) That the offender was over the age of eighteen (18) years of age and does not have a previous conviction for the offense of delivering controlled substances to a minor, as prohibited in § 5-64-701(a)(2); or
 (C) That the offender has no prior felony convictions. [Emphasis added.]
With regard to your first question, the community punishment provision pertaining to expungement of records, as set forth above, does not state who shall have the responsibility of notifying law enforcement agencies, ACIC, and NCIC that a record has been expunged pursuant to the statute. It is my opinion, however, that other statutes concerning expungement of records for probationers may be looked to by analogy in answering this question. For example, under A.C.A. §§ 16-93-301 to 304 (also known as the First Offender Act), an individual is entitled to have his criminal record expunged if he has entered a plea of guilty or nolo contendere prior to an adjudication of guilt, been sentenced to probation for not less than one year, has no previous felony conviction, and has fulfilled the terms of his probation. See A.C.A. §§ 16-93-303(a)(1) and (b)(1). When a record is ordered expunged pursuant to this provision, the judge of the circuit or municipal court is required to give notice of the expungement to the appropriate court officials and law enforcement agencies charged with keeping criminal justice records. See A.C.A. § 16-93-303(b)(4).
In sum, it is my opinion that the court which directs that an adult probationer's record be expunged, pursuant to A.C.A. §16-93-1207(b), is responsible for notifying law enforcement agencies, ACIC, and NCIC that the record has been expunged. As a practical matter, this determination seems reasonable since it is a court which decides if a record will be expunged pursuant to A.C.A. § 16-93-1207(b), and thus, it has the knowledge regarding if and when a record has been ordered expunged.
With regard to your second question, I assume that you are asking whether it is appropriate for the Department of Community Punishment to respond to a law enforcement agency inquiry concerning an adult probationer by stating that the criminal record of the adult probationer has been expunged pursuant to A.C.A. § 16-93-1207(b). If I am correct in this assumption, it is my opinion that no provisions within the community punishment statutes would prohibit such a response.
With regard to your third question, it is my opinion that criminal records which have been ordered expunged pursuant to A.C.A. § 16-93-1207(b) are exempt from public inspection and copying pursuant to the Arkansas Freedom of Information Act (FOIA). The provision of the FOIA codified at A.C.A. §25-19-105(b)(8) (Supp. 1993) states that documents which are protected from disclosure by order or rule of court shall not be available to the public under the provisions of the FOIA. A record which has been ordered expunged pursuant to A.C.A. §16-93-1207(b) would fall within this classification.
With regard to your fourth question, there are no provisions in the community punishment statutes which either define the term "expunge" or address how records ordered expunged pursuant to A.C.A. § 16-93-1207(b) are to be safeguarded. It is my opinion, however, that the statute codified at A.C.A. § 16-93-301 may be looked to by analogy in answering this question. Arkansas Code Annotated § 16-93-301 is among the provisions of the First Offender Act, as discussed above in response to your first question. The term "expunge" is defined in that statute as follows:
 "[E]xpunge" means to make an entry upon the official records kept in the regular course of business by law enforcement agencies and judicial officials evidencing the fact that the records are those relating to first offenders as so determined by the court; that the records shall be sealed, sequestered, treated as confidential, and only available to law enforcement and judicial officials; and that the defendant was completely exonerated of any criminal purpose; and that the disposition shall not affect any civil rights or liberties of the defendant.
 The term "expunge" shall not mean the physical destruction of any official records of law enforcement agencies or judicial officials.
See also A.C.A. § 16-93-502(7)(A) (defining "expunge" in a similar manner).[3]
Thus, it is my opinion that, following an order of expungement pursuant to A.C.A. § 16-93-1207(b), the records should not be destroyed. Rather, they should be kept and safeguarded in a manner similar to the one described in A.C.A. § 16-93-301, as set forth above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted, however, that the provisions codified at A.C.A. §§ 16-93-501 to 502, 16-93-504 to 507, and 16-93-509 to 510 will be repealed effective January 1, 1994.
[2] "Eligible offender" is defined in A.C.A. § 16-93-1202(f) as "[a]ny person convicted of a felony who is by law eligible for such sentence and who falls within the population targeted by the General Assembly for inclusion in community punishment facilities." Additionally, "target group" is defined in A.C.A. §16-93-1202(l)(1) as "[a] group of offenders and offenses, initially determined to be, but not limited to, theft, theft by receiving, hot checks, commercial burglary, failure to appear, fraudulent use of credit cards, criminal mischief, breaking or entering, drug paraphernalia, and driving while intoxicated, fourth or subsequent offense, meeting the eligibility criteria determined by the General Assembly to have significant impact on the use of correctional resources."
[3] There is one statute, A.C.A. § 9-27-309(b) (Cum. Supp. 1991), which states that "expunge" means to destroy. However, that statute applies to juvenile records, and it specifically states that the definition of "expunge," as described therein, applies only to that section. Accordingly, it is my opinion that the statute is inapplicable to the issues posed in your question.